# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**CHRIS J. JACOBS, III,**

                **Plaintiff,**

      **-vs-**                                                                                                     **Case No.    04-C-725**

**MATTHEW J. FRANK,**

                **Defendant.**

_____

# DECISION AND ORDER

_____

Plaintiff Chris J. Jacobs, III, who is incarcerated at the Green Bay Correctional Institution (GBCI), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On October 1, 2004, the Court granted the plaintiff's request to proceed *in forma pauperis* on Eighth Amendment, denial of access to the courts, and retaliation claims. However, because the complaint failed to allege any defendants who were personally involved in those claims, the plaintiff was granted additional time in which to file an amended complaint naming individual defendants.

On March 18, 2005, the plaintiff filed his amended complaint which contains the same three claims as in the original complaint: 1) an Eighth Amendment claim that since arriving at GBCI the plaintiff has lost a significant amount of weight because he does not receive enough food (Am. Compl. at 1-4); 2) a denial of access to the courts claim that the plaintiff's access to

the courts was hindered at GBCI, and that consequently two of his cases were dismissed (*id.* at 4-6, 6-14); and 3) a retaliation claim that the plaintiff is being retaliated against for filing complaints (*id.* at 6-14). For relief, the plaintiff seeks, "1) more food, 2) to have access to all my legal work, 3) bulldoze the hurtels [sic] out of my way so I can litigate, and 4) stop all retaliation" (*id.* at 1.).

The amended complaint does not identify any additional defendants. However, the plaintiff does allege that defendant Wisconsin Department of Corrections Secretary Matthew J. Frank approves of the conduct complained of in all three of the plaintiff's claims. The plaintiff further alleges that he filed numerous complaints with Frank, who refused to take action to stop the conduct. According to the plaintiff, "[a]ll of the above has been repeatedly . . . brought to Frank's attention and Frank approves of this misconduct. Furthermore Frank refuses to give me name of staff members so I can hold the staff responsible." *Id.* at 14.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

However, a § 1983 does not create a claim based on collective or vicarious responsibility. *Pacelli v. deVito*, 972 F.2d 871, 875 (7th Cir. 1992). An individual cannot be held

2

liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. *Sheik-Abdi v. McClelan*, 37 F.3d 1240, 1248 (7th Cir. 1994); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). An official is personally involved if: a) he or she participates directly in the constitutional deprivation, b) acts or fails to act with reckless disregard of the plaintiff's constitutional rights, or c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or with his or her knowledge and consent. *Rascon*, 803 F.2d at 274; *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

> The plaintiff also alleges:
>
> I have exhausted administrative remedies, and beyond repeatedly for my legal work and more food. The "policy or custom" that Frank and others "played a part in his alleged constitutional violations" would be, not following there[sic] own rules and not giving me legal work, thus denying me access to courts. In respect with food, not following what's on the menu (daily, almost every meal, food is missing, sometimes up to (3) three items per meal, with no substitute and the amount is a lot less than what is on menu not following doctor's orders of more food, "double portions" and not following doctors & DOC dietician's orders of weekly or bi-weekly weighings and when I try to enforce rules, I get retaliation [sic].

(Am. Compl. at 6.)

A suit against a state official in his or her official capacity is a suit against the official's office. As such it is no different than a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars suits for damages in federal court against unconsenting states unless Congress has exercised its power to override the

3

immunity. *Id.* An official capacity claim seeking damages would have to be dismissed because of Eleventh Amendment immunity and also because the state is not a person suable under 42 U.S.C. § 1983. *See id.* at 66-67, 71. However, the plaintiff is seeking injunctive relief. Official capacity claims seeking injunctive relief are permissible under §1983. *Id.* at 71 n.10. Such claims require that the entity's policy or custom have played a part in the constitutional violation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The plaintiff can establish a "policy or custom" by showing:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002) (quoting *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (citations and quotations omitted)).

The plaintiff has alleged that Frank was personally involved in the complaint allegations with respect all three of his claims. Moreover, the plaintiff's allegations indicate an official capacity claim against Frank concerning his three claims. Based on the foregoing, the plaintiff may proceed with individual and official capacity claims against defendant Frank with respect to all three of his claims.

**Plaintiff's Motions for Court Orders**

The plaintiff has filed three motions, all titled "Motion for Court Order." The first motion, filed on April 14, 2005, seeks an order directing first shift to provide double portions at

4

meals as ordered by the GBCI doctor, that he be provided carbon paper, legal loans, and the book "Blood Relivtive [sic]" by Steven Crocker, an exchange of legal materials as provided by handbook, and directing prison officials to stop seizing the plaintiff's embossed envelopes. The plaintiff filed his second motion for court order on May 4, 2005. He seeks an order that defendant Frank give him a six month trust fund statement so that he can litigate in Marathon County and reinstate legal loans. The third motion for court order, filed on May 5, 2005, seeks an order directed at GBCI that he be allowed to file a notice of claim with the Department of Justice. According to the plaintiff, he is unable to file the notice of claim since he is being refused legal loans. Because the plaintiff seeks a court order prohibiting the defendant from doing a specified act or commanding the defendant to undo a wrong, the Court construes the plaintiff's motions as motions for preliminary injunctions.

In deciding whether to grant a motion for a preliminary injunction, the court should consider (1) whether the moving party has an adequate remedy at law; (2) whether he will suffer irreparable harm if the preliminary injunction is not issued; (3) whether the irreparable harm he will suffer if the preliminary injunction is not granted outweighs the irreparable harm the defendant will suffer if the injunction is granted; (4) whether he has a reasonable likelihood of prevailing on the merits; and (5) whether the injunction will not harm the public interest. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The moving party's threshold burden is to establish the first and second factors and to show "*some* likelihood of success on the merits." *Ping v. Nat. Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989) (emphasis in original); *see also*

5

*Roth v. Lutheran General Hosp.*, 57 F.3d 1446, 1453 (7th Cir. 1995). Once the initial burden is met, the inquiry then becomes a sliding scale analysis of the harm to the parties and the public from the grant or denial of the injunction and the actual likelihood of success on the merits. *Ping*, 870 F.2d at 1371.

"The purpose of a preliminary injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). "The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor in order to get the injunction; the less likely he is to win, the more it need weigh in his favor." *Ping*, 870 F.2d at 1371-72 (citation omitted).

For the most part, the plaintiff's motions for court orders mirror the complaint allegations and the relief requested in the amended complaint. The complaint allegations are serious. However, at this point they are just that, allegations. At this early stage, the plaintiff has not demonstrated a reasonable likelihood of prevailing on the merits. He has also not presented any argument or evidence to show that he lacks an adequate remedy at law. Therefore, the plaintiff's motions for court orders will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the amended complaint (Docket #12), the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

6

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the amended complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Docket #14) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order re trust fund statement (Docket #15) is **denied**.

7

**IT IS FURTHER ORDERED** that the plaintiff's motion for order to file a notice of claim (Docket #16) is **denied**.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2005.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**