# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHRIS J. JACOBS, III,**
    **Plaintiff,**

  -vs-              Case No.  04-C-725

**MATTHEW J. FRANK,**
    **Defendant.**

---

# ORDER

---

Plaintiff Chris J. Jacobs, III, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. He is proceeding on three claims as set forth in the March 18, 2005, amended complaint: 1) an Eighth Amendment claim that since arriving at Green Bay Correctional Institution (GBCI) the plaintiff has lost a significant amount of weight because he does not receive enough food; 2) a denial of access to the courts claim that the plaintiff's access to the courts was hindered at GBCI, and that consequently two of his cases were dismissed; and 3) a retaliation claim that the plaintiff is being retaliated against for filing complaints. The plaintiff has filed several motions which will be addressed herein.

## August 10, 2005, Motion for Court Order

The plaintiff seeks a court order that prison staff give him double portions of food, as ordered by the prison doctor. The plaintiff states that he stopped receiving double

portions when he left the Segregation Unit and that he is supposed to be receiving double portions as long as he is incarcerated at GBCI. Second, the plaintiff seeks a court order to "give me property and legal work that is being withheld." According to the plaintiff, upon leaving the Segregation Unit, he was given some of his property and legal work, but not all. He has been unsuccessful in getting the property and legal work returned. Third, the plaintiff seeks a court order "[t]o give me my legal loans, so I can litigate." The plaintiff asserts that the Business Office refuses to give him legal loans so that he can litigate. He states that "[l]egal loans are less than $30.00, that is $170.00 dollars under $200.00 yearly amount, which is not enough and needs to be challenged."

## August 31, 2005, Motion for Court Order

This motion seeks a court order "1) to give me Double Portions or to place me on seg. loaf, 2) to give me my legal work, including addresses, and 3) to reinstate my legal loans." With respect to the request for double portions, the plaintiff states that now he is in the "hole" again and still not receiving his double portions, and the "HSU doctor now claims I lost double portions when I left [the] hole before." The plaintiff also states that the doctor acknowledges that the plaintiff has lost ten pounds. However, due to discrepancies in two different scales that are used to weigh inmates, he may have lost 20-25 pounds since he returned to segregation a couple of weeks ago.

2

portions when he left the Segregation Unit and that he is supposed to be receiving double portions as long as he is incarcerated at GBCI. Second, the plaintiff seeks a court order to "give me property and legal work that is being withheld." According to the plaintiff, upon leaving the Segregation Unit, he was given some of his property and legal work, but not all. He has been unsuccessful in getting the property and legal work returned. Third, the plaintiff seeks a court order "[t]o give me my legal loans, so I can litigate." The plaintiff asserts that the Business Office refuses to give him legal loans so that he can litigate. He states that "[l]egal loans are less than $30.00, that is $170.00 dollars under $200.00 yearly amount, which is not enough and needs to be challenged."

## August 31, 2005, Motion for Court Order

This motion seeks a court order "1) to give me Double Portions or to place me on seg. loaf, 2) to give me my legal work, including addresses, and 3) to reinstate my legal loans." With respect to the request for double portions, the plaintiff states that now he is in the "hole" again and still not receiving his double portions, and the "HSU doctor now claims I lost double portions when I left [the] hole before." The plaintiff also states that the doctor acknowledges that the plaintiff has lost ten pounds. However, due to discrepancies in two different scales that are used to weigh inmates, he may have lost 20-25 pounds since he returned to segregation a couple of weeks ago.

In addition, the plaintiff states that he has made several requests for his legal work since arriving back in segregation and that at this time he has none of his legal work. He further states that he needs legal loans so that he can buy envelopes.

### September 27, 2005 Motion for Court Orders

The plaintiff requests that the court order the United States Marshal to effect service upon the defendant, Wisconsin Department of Corrections Secretary Matthew Frank. He also requests a court order for more food and for "weekly weighing as DOC Dietician ordered."

### Analysis

Since the plaintiff seeks a court order prohibiting the defendant from doing a specified act or commanding the defendant to undo a wrong, the court construes the plaintiff's motions as motions for preliminary injunctions. In deciding whether to grant a motion for a preliminary injunction, the court should consider (1) whether the moving party has an adequate remedy at law; (2) whether he will suffer irreparable harm if the preliminary injunction is not issued; (3) whether the irreparable harm he will suffer if the preliminary injunction is not granted outweighs the irreparable harm the defendant will suffer if the injunction is granted; (4) whether he has a reasonable likelihood of prevailing on the merits; and (5) whether the injunction will not harm the public interest. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The moving party's threshold burden is to establish the first and second factors and to show "*some* likelihood of success on the merits." *Ping v. Nat.*

3

*Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989) (emphasis in original); *see also Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1453 (7th Cir. 1995). Once the initial burden is met, the inquiry then becomes a sliding scale analysis of the harm to the parties and the public from the grant or denial of the injunction and the actual likelihood of success on the merits. *Ping*, 870 F.2d at 1371.

"The purpose of a preliminary injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). "The more likely the plaintiff is to win, the less likely need the balance of harms weigh in his favor in order to get the injunction; the less likely he is to win, the more it need weigh in his favor." *Ping*, 870 F.2d at 1371-72 (citation omitted).

For the most part, the plaintiff's motions for court orders mirror the complaint allegations and the relief requested in the amended complaint. The complaint allegations are serious. However, at this point they are just that, allegations. At this early stage, the plaintiff has not demonstrated a reasonable likelihood of prevailing on the merits. He has also not presented any argument or evidence to show that he lacks an adequate remedy at law. *See also* July 5, 2005, Decision and Order (denying plaintiff's three motions for court orders that requested similar relief).

Moreover, the record reflects that defendant Frank has been served and that he has filed an answer. Therefore, the plaintiff's request that the United States Marshal serve

defendant Frank is moot. Based on the foregoing, the plaintiff's motions for court orders will be denied.

A scheduling order setting deadlines for the completion of discovery and for filing dispositive motions follows.

## **ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for court order (Docket #22) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for court order (Docket #24) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for court orders (Docket #27) is **denied**.

## **SCHEDULING ORDER**

To expedite a resolution of this case, the court sets forth the following scheduling order.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **January 23, 2006**.

   The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants may depose the plaintiff and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendants serve all parties with the notice required by the rule.

2. **Dispositive Motions.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil

5

Procedure), together with briefs, are to be filed no later than **February 27, 2006**, and in accordance with Civil Local Rule 7.1. Copies of Rule 56 and Civil Local Rule 7.1 (E.D. Wis.) are included with this order.

If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiff may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a general issue for trial." Fed. R. Civ. P. 56(e).

3. **Compliance with Court Rules and Orders.** The plaintiff is further advised that failure to make a timely submission or otherwise comply with the court's orders will result in the dismissal of this action for failure to prosecute.

4. **Service.** Under Federal Rule of Civil Procedure 5(a), a copy of every paper or document filed with the court must be sent to opposing parties.

Dated at Milwaukee, Wisconsin, this 12th day of October, 2005.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**