# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRIS J. JACOBS, III,**

    **Plaintiff,**

v.                  Case No. 04-C-725

**MATTHEW J. FRANK,**

    **Defendant.**

# ORDER

  Plaintiff Chris J. Jacobs, III, who is currently incarcerated at Wisconsin Secure Program Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. The plaintiff is proceeding on three claims as set forth in the March 18, 2005, amended complaint: 1) an Eighth Amendment claim that since arriving at Green Bay Correctional Institution (GBCI) the plaintiff has lost a significant amount of weight because he does not receive enough food; 2) a denial of access to the courts claim that the plaintiff's access to the courts was hindered at GBCI, and that consequently two of his cases were dismissed; and 3) a retaliation claim that the plaintiff is being retaliated against for filing complaints. Before the court are the plaintiff's motion for court order and motion to appoint counsel.

  On April 20, 2006, the plaintiff filed a motion for court order. He seeks an order allowing his parents to send him food and/or allowing his parents to buy food from the prison canteen. The plaintiff has filed numerous "motions for court orders" in this case. Most recently, on March 30, 2006, the court denied two of the plaintiff's motions for court orders pertaining to food:

> The plaintiff weighs close to 200 pounds and falls well within his body mass index for his height. The plaintiff has not demonstrated a reasonable likelihood of success on the merits as to his deprivation of food claim. Moreover, the plaintiff has not shown that he will suffer irreparable harm if injunctive relief is not granted.

(Court's Order of March 30, 2006, at 7-8.) For these reasons, the plaintiff's April 20, 2006, motion for court order will be denied.

On April 25, 2006, the plaintiff filed a motion to appoint counsel. He contends that prison staff have made it impossible for him to litigate because they deny him legal loans and destroy evidence. For example, staff seized a fruit bar that had maggots and cobwebs that the plaintiff wanted to use as evidence.

Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id.* (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

The plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. The plaintiff's numerous filings indicate that he is capable of litigating this case on his own at this time. Therefore, his motion to appoint counsel will be

denied. (*See also* Court's Order of March 30, 2006, at 12, denying the plaintiff's motion to appoint counsel and directing the plaintiff to provide the court with the names and addresses of five counsel he has contacted.)

The court previously granted the plaintiff additional time until May 1, 2006, to file a response to the defendant's motion for summary judgment. (Court's Order of March 30, 2006, at 12.) No response has been filed. The court will grant the plaintiff additional time in which to file his response one more time. He will be granted additional time until **June 6, 2006**, to file his response to the defendants' motion for summary judgment. The plaintiff is advised that failure to file a response by **June 6, 2006**, may result in the dismissal of this case for lack of diligence in prosecuting this action.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for order (Docket #84) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #85) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff shall file a response to the defendant's motion for summary judgment on or before **June 6, 2006**. Failure to file a response by **June 6, 2006**, may result in the dismissal of this case for lack of diligence in prosecuting this action.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2006.

        **SO ORDERED,**
        s/Rudolph T. Randa
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**