# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRIS J. JACOBS, III,

                Plaintiff,

v.                                                          Case No.   04-C-725

MATTHEW J. FRANK,

                Defendant.

## DECISION AND ORDER

Plaintiff Chris J. Jacobs, III, who is incarcerated at Wisconsin Secure Program Facility (WSPF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. He is proceeding on three claims as set forth in the March 18, 2005, amended complaint: 1) an Eighth Amendment claim that since arriving at Green Bay Correctional Institution (GBCI) the plaintiff has lost a significant amount of weight because he does not receive enough food; 2) a denial of access to the courts claim that the plaintiff's access to the courts was hindered at GBCI, and that consequently two of his cases were dismissed; and 3) a retaliation claim that the plaintiff is being retaliated against for filing complaints. Before the court is defendant Matthew J. Frank's motion for summary judgment.

## BACKGROUND OF THE CASE

On July 28, 2004, the plaintiff filed the original complaint along with a motion for leave to proceed *in forma pauperis*. Defendant Wisconsin Department of Corrections (DOC) Secretary Matthew Frank was the only defendant named in the original complaint. On October 1, 2004, the court granted the plaintiff's request to proceed *in forma pauperis* on Eighth

Amendment, denial of access to the courts, and retaliation claims. However, because the original complaint failed to allege any defendants who were personally involved in those claims, the plaintiff was granted additional time in which to file an amended complaint naming individual defendants.

The plaintiff filed an amended complaint on March 18, 2005, identifying the same three claims as the original complaint. In addition, although defendant Frank is still the only defendant, the amended complaint contains sufficient allegations to state individual[1] and official[2] capacity claims against him. For relief, the plaintiff seeks, "1) more food, 2) to have access to all my legal work, 3) bulldoze the hurtels [sic] out of my way so I can litigate, and 4) stop all retaliation." (Am. Compl. at 1.)

---

[1] The amended complaint does not identify any additional defendants. However, the plaintiff does allege that defendant Wisconsin Department of Corrections Secretary Matthew J. Frank approves of the conduct complained of in all three of the plaintiff's claims. The plaintiff further alleges that he filed numerous complaints with Frank, who refused to take action to stop the conduct. According to the plaintiff, "[a]ll off the above conduct has been repeatedly . . . brought to Frank's attention and Frank approves of this misconduct. Furthermore Frank refuses to give me name of staff members so I can hold the staff responsible."

(Order of July 5, 2005, at 2.)

[2] The plaintiff also alleges:

I have exhausted administrative remedies, and beyond repeatedly for my legal work and more food. The "policy or custom" that Frank and others "played a part in his alleged constitutional violations" would be, not following there [sic] own rules and not giving me legal work, thus denying me access to courts. In respect with food, not following what's on the menu (daily, almost every meal, food is missing, sometimes up to (3) items per meal, with no substitute and the amount is a lot less than what is on menu not following doctor's orders of more food, "double portions" and not following doctors & DOC dietician's order of weekly or bi-weekly weighings and when I try to enforce rules, I get retaliation [sic].

(Am. Compl. at 6.)

(Order of July 5, 2005, at 3.)

The plaintiff has filed numerous motions for "court orders" throughout the course of this litigation. The court has construed these as motions for preliminary injunctions and, because the motions sought essentially the same relief requested in the amended complaint and the plaintiff had not demonstrated a reasonable likelihood of prevailing on the merits, they have all been denied. (*See* Order of July 5, 2005, denying three motions for court orders; Order of October 12, 2005, denying three motions for court orders; Order of March 30, 2006, denying two motions for court orders and one motion for injunction; Order of May 12, 2006, denying one motion for court order.)

On February 10, 2006, defendant Frank filed a motion for summary judgment. The plaintiff did not file a timely response and on two different instances, the court granted him additional time to file a response. On May 25, 2006, the plaintiff filed his response to the defendant's motion. The defendant filed a reply on June 2, 2006.

On the same day he filed his summary judgment response, the plaintiff filed a document titled "Voluntary Dismissal." In it, the plaintiff states that if the court finds that he failed to prosecute this case, he requests a voluntary dismissal, without prejudice "because prison staff is putting out to[o] many hurtels for me to be able, worth while litigate [sic]." When the court granted the plaintiff extensions of time to respond to the defendant's motion for summary judgment, it warned the plaintiff that this case may be dismissed for failure to prosecute if he did not file a response. Since the plaintiff has filed a response, that warning is now moot. In any event, due to the procedural posture of this case, the defendant must stipulate to voluntary dismissal, *see* Fed. R. Civ. P. 41(a)(1), which he has not done.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden of showing the needlessness of trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Anderson*, 477 U.S. at 267; *see also Celotex Corp.*, 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."); Fed. R. Civ. P. 56(e) ("When a summary judgment motion is made and supported as provided in [Rule 56(c)], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavit or otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial"). "Rule 56(c) mandates the entry of summary

4

judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. *Johnson v. Pelker*, 891 F.2d 136, 138 (7th Cir. 1989). "However, we are not required to draw every conceivable inference from the record – only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (citation omitted).

## **FACTS**[3]

The plaintiff was incarcerated at Green Bay Correctional Institution (GBCI) at all times relevant to this action. The defendant is employed as the Secretary of the Wisconsin Department of Corrections (DOC) and has worked in that capacity since January 6, 2003.

In his capacity as Secretary of the DOC, the defendant has the responsibilities as generally defined by Wis. Stat. § 15.04, and as otherwise specifically set forth in the Wisconsin Statutes and the Wisconsin Administrative Code. Defendant Frank does not personally supervise the day-to-day operation of the DOC's adult correctional institution, including GBCI. In the course of defendant Frank's duties, like his predecessors before him, Frank has assigned the duty of making the final decisions on Inmate Complaint Review System (ICRS) Offender Complaints to his deputy. Appeals are taken from adverse institution level decisions. Wis. Admin. Code §§ DOC 310.03(15) and DOC 310.14. Defendant Frank

---

[3] Facts are taken from the Defendant's Proposed Findings of Fact and Conclusions of Law, and the plaintiff's sworn amended complaint. *See Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996).

5

is not personally involved in ICRS Offender Complaint appeals. He has no personal or direct involvement with the decisions made on any ICRS Offender Complaints filed by the plaintiff.

Defendant Frank's office receives numerous letters from inmates such as the plaintiff. With very few exceptions, Frank does not personally read or respond to letters from inmates. In most instances, copies of these letters are forwarded to personnel in the appropriate division to respond directly to the corresponding inmate on his behalf. It appears from the records that Frank's office received numerous letters from the plaintiff. Frank did not personally respond to any of the plaintiff's letters.

Plaintiff claims that Frank: 1) denied him sufficient food; 2) hindered his access to the courts; and 3) retaliated against him for filing complaints. Frank also understands that the plaintiff seeks injunctive relief in the form of: 1) more food; 2) access to his legal work; 3) the elimination of all obstacles to his litigation; and 4) an end to all retaliation. Frank has reviewed the department's records and found that the plaintiff has not been confined at GBCI since on or about October 13, 2005, when he was transferred to WSPF.

Defendant Frank does not nor did he have any personal or direct involvement in the food service provided to inmates at GBCI, including the plaintiff. Frank relies on the Food Service Department to prepare and serve nutritionally adequate meals to all DOC inmates, including inmates housed at GBCI, pursuant to Wis. Admin. Code § DOC 309.23(1).

Defendant Frank relies on DOC medical professional staff pursuant to Wis. Admin. Code § DOC 309.23(4) to evaluate the medical condition of all GBCI inmates and prescribe any special diet that is deemed appropriate, including a higher caloric diet if medical staff

determine an inmate has lost too much weight and requires more food. Frank does not provide medical services to inmates at GBCI. Such diagnostic and treatment services are provided to inmates by the GBCI Health Services Unit (HSU), an agency of DOC's Bureau of Correctional Health Services. Frank does not exercise day-to-day supervisory control over HSU employees, nor does he have any control over their diagnostic and treatment decisions, including special diets. Frank does not exercise day-to-day control over HSU decisions in calendaring appointments for inmates with medical staff.

There is no DOC policy to deprive inmates of adequate nutritional food. Defendant Frank does not condone nor does he approve of depriving inmates nutritional food.

At no time did defendant Frank participate in any decision that hindered plaintiff's legal access to the courts. As previously stated, Frank does not personally supervise the day-to-day operation of GBCI and is not personally involved in making any decisions or recommendations on ICRS Offender Complaints. Frank is not involved in the distribution of legal materials, the collection and distribution of inmate mail, or in any decisions regarding legal loans or the materials an inmate may have in his cell. There is no DOC policy that denies or hinders an inmate's access to any court or to his or her legal work. Wis. Admin. Code § DOC 309.155(2) allows inmates access to all courts and administrative agencies. It is not DOC policy for DOC employees to refuse to give inmates copies of records concerning their conduct reports. It is not DOC policy to refuse to assign appeal numbers to inmate complaints. It is not DOC policy for DOC employees to refuse to identify themselves. Defendant Frank does not condone nor does he approve of depriving or hindering inmates' access to the courts.

7

At no time did defendant Frank place obstacles in the way of the plaintiff's litigation or administrative grievances because of any legal activities or prison grievances he was involved in. As previously stated, Frank is not personally involved in making decisions or recommendations on ICRS Offender Complaints. Nor does he oversee inmate visits, cell conditions, recreation, or apparel. It is not DOC policy to retaliate against an inmate for filing complaints or administrative grievances. It is not DOC policy to place obstacles in the way of an inmate's litigation or administrative grievance because of any legal activities or prison grievances in which he might be involved.

## ANALYSIS

In support of his motion for summary judgment, defendant Frank contends that: 1) the plaintiff has adduced no proof of Frank's personal involvement in the alleged constitutional violations; 2) the plaintiff has not shown that his alleged constitutional deprivations were pursuant to a DOC policy or custom; and 3) the plaintiff's claim for injunctive relief from conditions of confinement unique to GBCI are moot because he is now at a different prison.

In response to the defendant's motion the plaintiff has not filed affidavits or other evidence, *see* Fed. R. Civ. P. 56(e), nor has he responded to the defendant's proposed findings of fact, *see* Civil L.R. 56.2(b), (e). As such, the defendant's facts stand, undisputed.

The undisputed facts reveal that defendant Frank was not personally involved in the alleged constitutional violations. It is undisputed that defendant Frank, as Secretary of the DOC, does not personally supervise the day-to-day operation of the DOC's adult correctional institutions. He is not personally involved in making decisions on ICRS Offender Complaint

appeals; rather, he assigns that duty to his deputy. With very few exceptions, defendant Frank does not personally read or respond to letters from inmates and he did not personally respond to the numerous letters that his office received from the plaintiff. Defendant Frank has no personal or direct involvement in the food service provided to inmates at GBCI. He relies on medical professional staff to evaluate and treat inmates at GBCI, including prescribing special diets if appropriate.

Personal involvement is required in order to establish liability under 42 U.S.C. § 1983. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citation omitted). To survive summary judgment, the plaintiff must "offer some record evidence that because of the purported letters, the defendant officials knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006) (quoting *Vance v. Peters*, 97 F.3d 987, 994 (7th Cir. 1996)).

The fact that the plaintiff sent letters to defendant Frank is insufficient to create a genuine issue of material fact regarding defendant Frank. *See Johnson*, 444 F.3d at 584 (citation omitted). Importantly, there is no evidence that defendant Frank actually read the plaintiff's communications or had any subjective awareness of the plaintiff's grievances. *See id.* Rather, there is evidence that defendant Frank does not review inmate ICRS documents or correspondence from inmates, and that those tasks are delegated to subordinates. Thus, the plaintiff has not shown that defendant Frank personally facilitated, approved, condoned, or turned a blind eye to the plaintiff's complaints. *See id.*

In addition, there is no evidence that any alleged constitutional deprivation was pursuant to a DOC custom or policy. Official capacity claims require that the entity's policy or custom have played a part in the constitutional violation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The plaintiff has not raised a genuine issue of material fact with regard to the defendant's claim that there are no such relevant policies. *See Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002).

Finally, since the plaintiff is no longer incarcerated at GBCI, any claim for injunctive relief concerning the conditions at that prison are moot. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

## **ORDER**

**IT IS THEREFORE ORDERED** that the defendant's motion for summary judgment (Docket #66) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing the plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2006.

BY THE COURT:

s/ Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge